█ PIONEER CONSTRUCTION CO. OF SCHENECTADY, INC., Respondent, v. NISKAYUNA CONSTRUCTION CO., INC., Appellant.— Appeal from a judgment of foreclosure and sale in an action involving a mechanic's lien on premises in the Town of Rotterdam, in the County of Schenectady, New York, and from an order entered in such action. The action was referred to a Referee to hear and determine the same and thereafter an order was made directing judgment of foreclosure and sale at a Special Term of the Supreme Court for Schenectady County. The complaint alleged an agreement for the construction of a building upon defendant's premises for the sum of $156,000; that plaintiff commenced the construction of said building and during the course thereof the defendant directed the plaintiff to do extra work to the value of $31,366.86; that there became due to plaintiff the sum of $187,866.86; that no part of such sum was paid except the sum of $151,376.20 and that $36,490.66 became due to the plaintiff; that a mechanic's lien for that amount was duly filed. The answer admits the making of the contract, the performance of extra work, the payment of the sum of $151,376.20 but defendant denies that it was indebted to the plaintiff in any amount; and sets up defenses and counterclaims to the effect that plaintiff failed to complete the work, that he did not give defendant credit for work and materials eliminated; and that he failed to perform the work in a proper and workmanlike manner. The counterclaims set up amounts to $47,055. A motion was made by the plaintiff for summary judgment, and to strike out the defendant's answer and counterclaims on the ground they were sham and frivolous. Thereafter an order termed "Order to Show Cause for Consolidation" was made which contained, among other provisions, the following clause: "(4) That it appears from the papers before the Court that there is an issue of fact to be tried that the action be referred to a Referee to hear and determine the action." On March 15, 1957 an order of reference was made which provided: "Ordered, adjudged and decreed that pursuant to Section 113 of the Rules of Civil Practice that the cause of action herein be and the same is hereby referred to John E. Kelly, Esq., an attorney of the City and County of Schenectady, N. Y., as Referee to hear and determine the same." Thereafter the case was tried before the Referee appointed and apparently the trial took about 32 trial days to complete. From the decision of the Referee, which is printed at length in the record, it is apparent that he considered all of the issues raised by the pleadings. He found against the defendant on all of the issues except with reference to painting and other elements of construction that were the result of poor workmanship. On the basis of these defects he found that defendant was entitled to his counterclaims to damages amounting to $4,194.80, and deducting this from the plaintiff's claim of $36,780.60 he found that plaintiff had a good and valid lien for the balance of $32,585.80. The record herein is replete with affidavits *ad nauseum* but we cannot find in this record any order granting summary judgment and striking out defendant's defenses, denials and counterclaims. There was a complete trial of the issues before the Referee and the defendant was represented by counsel and took

part in the trial. The order of reference did not limit the same to a mere assessment of damages, but even if it did, this should be accounted a mere irregularity in view of the fact that the parties thereafter took part in a trial which embraced all the issues. It is unnecessary to cite or to distinguish between authorities in order to sustain a judgment arrived at under such circumstances. Judgment and order unanimously affirmed, with costs. Present —Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.